IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| OSWALDO CALDERON TERRAZAS ) | |
| Petitioner/Plaintiff ) | |
| ) | |
| v. ) | C.A. No. **B-02-145** |
| ) | |
| JOHN ASHCROFT, ) | |
| ATTORNEY GENERAL ) | |
| OF THE UNITED STATES; ) | **PETITION FOR WRIT** |
| AARON CABRERA, ACTING DIRECTOR) | **OF HABEAS CORPUS** |
| OF DENTENTION & REMOVAL FIELD ) | |
| OPERATIONS; ) | |
| Respondents/Defendants ) | |

COMES NOW Petitioner/Plaintiff, Oswaldo Calderón Terrazas, by and through his attorney of record, Jodi Goodwin, and files the instant Petition for Writ of Habeas Corpus, seeking review of the administrative determination, dated June 25th 2002, ordering him removed from the United States.

In support of this Petition, Petitioner/Plaintiff, alleges as follows:

### NATURE OF ACTION

1.  This is an action for declaratory relief and preliminary and permanent injunctive relief stemming from an Immigration and Naturalization Service, ("INS"), decision ordering Mr. Calderón removed from the United States.

### JURISDICTION

2.  This Court has *habeas corpus* jurisdiction pursuant to 28 U.S.C. §2241 *et seq.*, Art I, §9, Cl. 2 of the United States Constitution ("Suspension Clause"), and the common law. This Court also has jurisdiction pursuant to 28 U.S.C. §2201 *et seq.*, and the All Writs Act, 28 U.S.C. §16571. The Court reviews the legal determinations of the INS *de*

*novo*. Review is not limited to Constitutional questions, but even assuming, *arguendo*, that is was so limited, a number of constitutional questions are presented herein. The Fifth Circuit has taken an expansive interpretation of what constitutes a Due Process violation. *Anwar v INS,* 116 F.3d 140, (5th Cir. 1997). This case involves serious constitutional dimensions.

3.  This is a suit against the United States government; jurisdiction is based on the party being sued.

4.  The jurisdictional limitations on judicial review put into place by the Illegal Immigration and Immigrant Responsibility Act of 1996 (IIRIRA), and codified at 8 U.S.C. §1252(g), do not apply to the instant case. This case does not arise from "the decision of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," but from the Board of Immigration Appeals' ("BIA"), cursory and vague review of the decision of the Immigration Judge, ("IJ"), which amounted to a denial of due process. 8 U.S.C. §1252(g) is interpreted narrowly, and does not apply here. *Reno v American-Arab Anti-Discrimination Committee,* 119 S.Ct. 936 (1999).

## VENUE AND INTRADISTRICT ASSIGNMENT

5.  Venue is proper in this judicial district, pursuant to 28 U.S.C. §1391, in that Mr. Calderón is subject to detention based upon an order of removal that was entered against him in this district. *See:* 28 U.S.C. §2241 *et seq.*

## PARTIES

6.  Mr. Calderón is a native and citizen of Mexico, subject to a final administrative order of removal, and in the custody of the INS.

7. Respondent/Defendant John Ashcroft is sued in his official capacity as Attorney General of the United States. In this capacity, he has the responsibility for the administration of the immigration laws pursuant to 8 U.S.C. §1103 and is a legal custodian of Mr. Calderón.

8. Respondent/Defendant Aaron Cabrera is sued in his official capacity as Acting Director of Detention & Removal Field Operations of the Harlingen District of the INS. In this capacity, he is empowered to carry out the order of removal against Mr. Calderón, and has stated, through his agents, that he is prepared to do so; he is also a legal custodian of Mr. Calderón.

## GENERAL ALLEGATIONS

9. Mr. Calderón became a Lawful Permanent Resident, ("LPR"), of the United States on May 29th 1990. Mr. Calderón served in the United States Army from June, 1997 until December, 1999. He has two United States citizen sons.

10. On December 20th, 2000, in the 347th District Court of Nueces County, Texas, Mr. Calderón was given six years deferred adjudication for Sexual Assault of a Child, pursuant to Article 42.03 § 5 of the Texas Penal Code, ("TPC"). Mr. Calderón was ordered to pay court costs, enroll in a sex offender program and register as a sex offender on supervisory status.

11. The INS subsequently initiated removal proceedings and charged Mr. Calderón with being removable from the United States pursuant to §§237(a)(2)(A)(iii), of the Immigration and Nationality Act, ("INA"), specifically, as an alien who has been convicted of an aggravated felony any time after admission.

12. On February 25th 2002, the Immigration Judge, ("IJ"), found Mr. Calderón

removable as alleged in the NTA and ineligible for relief from removal.

13.   Mr. Calderón reserved his right to appeal the decision of the IJ and timely filed a Notice of Appeal before the BIA.

14.   Mr. Calderón urged the BIA that because adjudication was deferred and no judgment of guilt was entered, he had not suffered a "conviction" as defined in the INA. He asserted that the IJ's order of removal resulted in fundamental unfairness because it increases the severity of the penalty without notice.

15.   TPC Art 42.03 § 5 is entitled, Deferred Adjudication; Community Supervision, and states, in relevant part:

> "(a) Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings *without entering an adjudication of guilt, and place the defendant on community supervision.*"

TPC ART 42.03, §5(a). (emphasis added).

16.   TPC ART 42.03 §5 (c) states, in relevant part:

> "(c) On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him. The judge may dismiss the proceedings and discharge a defendant,..., prior to the expiration of the term of community supervision if in the judge's opinion the best interest of society and the defendant will be served....Except as provided by Section 12.42(g), Penal Code, *a dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense.*"

TPC ART 42.03 §5 (c). (emphasis added).

17.   The deferred adjudication guidelines are alternatives, composed by the Texas Legislature, which permit the Court to address the unique situations presented by individual defendants and provide structure during the supervisory period. While Mr. Calderón has been ordered to pay court costs, a fine, and a fee, no judgment of guilt has

been ordered pursuant to TPC §42.01, nor has the judge proceeded to sentencing under TPC §42.02. The monetary requirements inherent in matters of deferred adjudication are not the result of an entry of judgment, and are not part of the sentence imposed. When Mr. Calderón has complied with the conditions, the matter will be dismissed with no formal finding of guilt nor sentence or punishment as a result of any finding under the statute.

18.   A deferred adjudication under TPC Art 42.03 § 5 consists of admission of facts equal to guilt, and a period during which no sentence or punishment is imposed, unless the court finds that the defendant has committed another offense. The supervisory period is a non-punitive measure designed to afford structure and communication between the Respondent and the Court. Community Supervision, as applied to Mr. Calderón, is not a sentence or a punishment. It is not imposed as a direct result of a judgment of guilt, because no judgment of guilt has been entered. It is a statutory mechanism which avoids a finding of guilt, and apprises the Court of Mr. Calderón's intentions and efforts during a given time period.

19.   It is deeply imbedded in the jurisprudence of the United States Supreme Court that fair notice of the conduct which subjects one to punishment, and the severity of the consequences as a result of a finding of guilt are required under the due process clause of the 5th amendment to the United States Constitution. *BMW of North America, Inc., v Gore,* United States Supreme Court 1996.

20.   The Supreme Court has recently emphasized that due process must be afforded to non-citizens in removal proceedings, especially when a non-citizen reasonably relied on the state of the law when he or she waived constitutional rights and pled guilty.

*Immigration and Naturalization Service v St. Cyr,* 121 S. Ct. 2271, 2290.

21.   Even though a removal proceeding is civil, and not criminal, the Supreme Court found that when a non-citizen reasonably relies on the state of the law and pleads guilty the possibility for relief in any future immigration proceeding is certainly an important factor in reaching such a decision:

> "(A)lthough we have characterized deportation as look[ing] prospectively to the respondents right to remain in this country in the future, *INS* v. *Lopez Mendoza,* 468 U.S. 1032, 1038 (1984), we have done so in order to reject the argument that deportation is punishment for past behavior and that deportation proceedings are therefore subject to the various protections that apply in the context of a criminal trial. *Ibid.* As our cases make clear, the presumption against retroactivity applies far beyond the confines of the criminal law. See *Landgraf,* 511 U.S., at 272. And our mere statement that deportation is not punishment for past crimes does not mean that we cannot consider an aliens reasonable reliance on the continued availability of discretionary relief from deportation when deciding whether the elimination of such relief has a retroactive effect.

21 S Ct. 2271, 2291.

22.   Even though the definition of conviction is not retroactively applied in his case, if he is found removable as a result of a conviction for an aggravated felony, Mr. Calderón will be subject to permanent banishment from the United States. The statute under which the charges are dismissed states Mr. Calderón shall suffer "no further disqualification or disability imposed by law as a conviction." Yet because of the BIA's decision in *Salazar Regino,* 23 I&N Dec. 223, (BIA 2002), Mr. Calderón is foreclosed from being considered for relief from removal. *See also In re Yanez Garcia,* 23 I&N 390, BIA 2002.

23.   This ruling is fundamentally unfair in it's effect, because when Mr. Calderón's adjudication was deferred and he when he successfully completes probation, he should be able to depend on the reasonable expectation that no negative consequences will flow as a result of the criminal charge. He had no notice that relief would be foreclosed, and the

severity of the consequences in immigration proceedings far outstrip the criminal sanction he received. Even though a removal proceeding is civil in nature, the result is fundamentally unfair and violative of due process.

24. In its' decision of June 25th, 2002, the BIA affirmed the decision of the IJ without comment, and summarily dismissed Mr. Calderón's appeal.

## EXHAUSTION

25. Mr. Calderón has exhausted his administrative remedies. The Fifth Circuit has upheld statutory provisions precluding a direct appeal in the case of an individual whose application for relief has been denied as a matter of discretion. INA § 242(a)(2)(c). His sole remaining remedy is by writ of this petition for habeas corpus.

## RIGHT TO JUDICIAL INTERVENTION

26. Mr. Calderón realleges and incorporates by reference each and every allegation of paragraphs 1-25 herein.

27. By this Petition and Complaint, Mr. Calderón alleges grave constitutional errors. His removal would constitute a manifest miscarriage of justice.

28. Mr. Calderón has a right to judicial intervention, and this Court has jurisdiction over his petition and complaint, pursuant to 28 U.S.C. §2241, which is a general grant of habeas jurisdiction bestowed on the federal district courts.

29. Mr. Calderón is also entitled to review under the common law and as a matter of constitutional right. The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. Constitution Art. I, §9, Cl. 2 (Suspension Clause).

## IRREPERABLE HARM AND PREJUDICE

30.   Mr. Calderón is currently subject to a final administrative order, and is subject to immediate removal from the United States. If he is removed, he will irrevocably lose his legal right to remain in the United States, where he has lived for more than 10 years. If he is removed to Mexico, he will suffer harm, including, but not limited to, separation from his family, reduction in his ability to provide for his family, and psychological distress.

### FIRST CLAIM FOR RELIEF
(Due Process violation)

31.   Mr. Calderón realleges and incorporates by reference each and every allegation of paragraphs 1-30 herein.

32.   The BIA's review of the decision of the IJ did not comport with the standards promulagted by the Fifth Circuit in *Diaz Resendez v. INS*, 960 F.2d 493, (5th Cir. 1992) and *Rodriguez Gutierrez v. INS*, 59 F.3d 504 (5th Cir. 1995), thereby denying Mr. Calderon due process. In both cases, the Fifth Circuit held that "the BIA must meaningfully address all relevant material factors." 960 F.2d 493, 495; 59 F.3d 504, 508. The BIA abuses discretion when it fails to articulate it's reasoning and demonstrate that significant consideration was given to all positive and negative factors found in the record. *See also Luciano Vincente v INS*, 786 F.2d 706 (5th Cir. 1986).

### SECOND CLAIM FOR RELIEF
(Due Process Violation)

33.   Mr. Calderón realleges and incorporates by reference each and every allegation of paragraphs 1-32 herein.

34.   Mr. Calderón's Due Process rights were violated by the Government in these proceedings, including, without limitation, his right to apply for relief in the form of Cancellation of Removal for Certain Permanent Residents pursuant to INA §240A(a).

35. Because the Immigration Judge erroneously found that he had been convicted of an aggravated felony, Mr. Calderón was denied an opportunity to apply for statutorily available relief, for which he was otherwise eligible.

36. In the Immigration context, prejudice results, *inter alia*, where, as here, the procedures utilized erroneously deprive the individual of the opportunity to present his or her case, and be heard, *Matter of Ruiz*, 20 I&N Dec. 91, 92, (BIA 1989).

## THIRD CLAIM FOR RELIEF

37. Mr. Calderón realleges and incorporates by reference each and every allegation of paragraphs 1-36 herein.

38. An actual and substantial controversy has arisen and now exists between the parties relating to their respective legal rights and duties, including without limitation and finding Mr. Calderón removable as an aggravated felon, that Mr. Calderón is ineligible for relief, and that Mr. Calderón was not denied of his due process right to be heard.

39. Declaratory relief is necessary in that, as described herein, Mr. Calderón contends and Respondents/Defendants deny that the Immigration Judge improperly determined that Mr. Calderón was removable as an aggravated felon, improperly ordered him removed from the United States, and unconstitutionally violated his Due Process right to be heard.

## FOURTH CLAIM FOR RELIEF
(Equal Protection Violation)

40. Mr. Calderón realleges and incorporates by reference each and every allegation of paragraphs 1-39 herein.

41. Mr. Calderon was deprived of his right to equal protection of the laws under the Constitution where a person similarly situated is treated substantially different.

42.     The Ninth Circuit in *Lujan-Armendariz and Roldan-Santoya v. INS*, 222 F.3d 728, (9th Cir. 2000), found that where a person has been placed on deferred adjudication there does not exist a conviction sufficiently final such that removal can be based on said order. In other words, had Mr. Calderon been placed on an order of deferred adjudication in the Ninth Circuit, he would not have been removable. In contrast, in the Fifth Circuit, Mr. Calderon has not only been found removable, but foreclosed of any relief from that removal creating an unconstitutional disparity in the treatment of similarly situated individuals.

## PRAYER

WHEREFORE, Petitioner/Plaintiff, respectfully prays this Court to:

1.    Assume jurisdiction over this matter;

2.    Declare that the administrative determination that Mr. Calderón is removable as an aggravated felon is null and void for use of procedures contrary to law and in violation of his constitutional rights;

3.    Issue a writ of habeas corpus directed at Respondents/Defendants to vacate their finding that Mr. Calderón is removable as an aggravated felon, and remand this matter to the INS for further proceedings;

4.    Issue a permanent injunction enjoining Respondents /Defendants and their agents and/or subordinates from removing Mr. Calderón from the United States;

5.    Issue an order directing Respondents/Defendants to release Mr. Calderon from their custody pending this action;

6.    Issue an Order to Show Cause requiring that INS show cause for the detention of

which Mr. Calderon complains herein; and

7. Grant such further relief as this Court deems just and proper.

## CERTIFICATE OF CONSULTATION

The undersigned has spoken with Mike Ochoa, District Counsel, US INS, about the instant case and he has been made aware of the filing of this case this day.

Respectfully submitted,

_____
Jodi Goodwin
Attorney for Petitioner/Plaintiff
Fed. ID: 20102
State Bar No. 00793835

Law Office of Jodi Goodwin

1322 East Tyler Avenue

Harlingen, Texas, 78550

956 428 7212

956 428 7360 (fax)

## VERIFICATION

I, Jodi Goodwin, certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.

_____

## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing, with Exhibits, was personally delievered to the Office of the United States Attorney, in Brownsville, Texas,

this the 25th day of July, 2002.

_[signature]_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| OSWALDO CALDERON TERRAZAS )<br>    Petitioner/Plaintiff )<br>)<br>v. )<br>)<br>JOHN ASHCROFT, )<br>ATTORNEY GENERAL )<br>OF THE UNITED STATES; )<br>AARON CABRERA, ACTING DIRECTOR)<br>OF DENTENTION & REMOVAL FIELD )<br>OPERATIONS; )<br>    Respondents/Defendants )<br>_____ ) | C.A. No. **B-02-145**<br><br>**EXHIBIT A** |

| U.S. Department of Justice | Decision of the Board of Immigration Appeals |
|---|---|
| Executive Office for Immigration Review | |
| Falls Church, Virginia 22041 | |

File: A90-865-331 - Harlingen

Date: JUN 2 5 2002

In re: CALDERON-TERRAZAS, OSWALDO ANTONIO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Goodwin, Jodi - Esq.

ON BEHALF OF SERVICE: Thomas M. Bernstein, Assistant District Counsel

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 3.1(a)(7).

_____
FOR THE BOARD