United States Court of Appeals
Fifth Circuit
**FILED**
November 4, 2004
Charles R. Fulbruge III
Clerk

United States District Court
Southern District of Texas
FILED
DEC 3 0 2004
Michael N. Milby
Clerk of Court

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 03-41318

D.C. Docket No. 1:02-CV-145

OSWALDO CALDERON-TERRAZAS

    Petitioner - Appellant

    v.

JOHN ASHCROFT, U S ATTORNEY GENERAL; AARON CABRERA

    Respondents - Appellees

Appeal from the United States District Court for the Southern District of Texas, Brownsville.

Before KING, Chief Judge, HIGGINBOTHAM and DAVIS, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: DEC 2 8 2004

A true copy
Test:
Clerk, U.S. Court of Appeals, Fifth Circuit

By _____
Deputy
New Orleans, Louisiana    DEC 2 8 2004

United States Court of Appeals
Fifth Circuit
**FILED**
November 4, 2004
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03 - 41318

OSWALDO CALDERON-TERRAZAS,

          Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL;
AARON CABRERA,

          Respondents-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CV-145

---

Before KING, Chief Judge, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM*:

    Oswaldo Calderon-Terrazas appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging his removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted of sexual assault of a child under Texas Penal Code § 22.011, an aggravated felony. Calderon-Terrazas argues that sexual assault of a child under Tex. Penal Code § 22.011 is not an "aggravated felony" under 8 U.S.C. §§ 1101(a)(43) and 1101(a)(48). Calderon-Terrazas argues further that the "automatic" removal of a long-term lawful

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permanent resident with significant ties to the United States violates substantive due process. In addition, Calderon-Terrazas asserts that the BIA erred in deciding his case by summary affirmance without opinion pursuant to 8 C.F.R. § 3.1(a)(7), now 8 C.F.R. § 1003.1(a)(7).

Contrary to the Government's assertions, the district court had jurisdiction over Calderon-Terrazas's 28 U.S.C. §2241 petition because as an alien who is removable for having committed an aggravated felony, he is precluded by 8 U.S.C. § 1252(a)(2)(C) from seeking direct judicial review, and his petition raises questions of law only. See INS v. St. Cyr, 533 U.S. 289, 314 (2001); Flores-Garza v. INS, 328 F.3d 797, 802-04 (5th Cir. 2003).

Moreover, Calderon-Terrazas's crime of "sexual assault of a child" under Texas Penal Code § 22.011 qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). 8 U.S.C. § 1101(a)(43)(A) includes within the scope of the term "aggravated felony" the enumerated crimes of "murder, rape, or sexual abuse of a minor." In U.S. v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir. 2000) this Court held that in determining whether a specific crime constituted "sexual abuse of a minor" for § 1101(a)(43)(A) purposes, the words of the statute must be read according to "their ordinary contemporary meaning." Texas Penal Code § 22.011(a)(2)(A) says that "a person commits [the offense of sexual assault] if the person

intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means". This conduct clearly constitutes "sexual abuse of a child". Sexual abuse of a child is an enumerated crime in 8 U.S.C. § 1101(a)(43) and therefore expressly declared to be an "aggravated felony".

Furthermore, Calderon-Terrazas's deferred adjudication under Texas law is a conviction under 8 U.S.C. § 1101(a)(48)(A) because it involved an admission of guilt and limitations on his liberty. See Moosa v. INS, 171 F.3d 994, 1005-06 (5th Cir. 1999).

The district court determined correctly that the statutes that Calderon-Terrazas challenges as violating his substantive due process rights are rationally related to a legitimate governmental purpose. See Brennan v. Stewart, 834 F.2d 1248, 1257-58 (5th Cir. 1988); In re Longstaff, 716 F.2d 1439, 1442-43 & n.16 (5th Cir. 1983).

Also contrary to the Government's assertions, the district court had jurisdiction to review Calderon-Terrazas's claim that the BIA erred in using its summary affirmance procedure under 8 C.F.R. § 3.1(a)(7), now 8 C.F.R. § 1003.1 (a)(7). See Bravo v. Ashcroft, 341 F.3d 590, 592-93 & n.7 (5th Cir. 2003). The district court did not err in finding that the BIA properly employed its summary affirmance in this case. See Soadjede v. Ashcroft, 324 F.3d 830, 831-33 (5th Cir. 2003).

Accordingly, we conclude that Calderon-Terrazas was not denied

due process of law and is not entitled to habeas relief.

AFFIRMED.